UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　　Case No.:　2:25-cr-115-SPC-KCD

ANTHONY GENO MARTINSON

# **OPINION AND ORDER**

In June 2024, the State of Florida charged Defendant Anthony Geno Martinson with two counts of unlicensed contracting during state of emergency, Fla. Stat. § 489.127(2)(c), and one count of scheme to defraud, Fla. Stat. § 817.034(4)(a)(1). *See State of Florida v. Anthony Geno Martinson*, Case No. 24-1060F (Fla. Cir. Ct. June 17, 2024). According to the Information, Defendant held himself out as a roofing contractor but lacked proper certification. (Doc. 1 at 4).

Defendant, proceeding without a lawyer,[1] filed a Notice of Removal ("Notice") under 28 U.S.C. § 1455, removing the state criminal case "for conflicts with the constitutionality of the charged statutes as well as irreparable prejudice of the Charlotte County Circuit Court." (*Id.* at 1). Attached to the Notice are only the Information and the Capias. (Doc. 1 at 4–

---

[1] A court must liberally construe a document filed by an unrepresented litigant. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

8). Defendant's Notice does not provide a basis for this Court's subject-matter jurisdiction.

Section 1455 governs the procedure for removal of criminal prosecutions. 28 U.S.C. § 1455. The statute provides that the district court must promptly examine the notice of removal, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the following reasons, the Court remands this case.

Under 28 U.S.C. § 1443, a state criminal prosecution may be removed to federal court if it is brought (1) "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; or (2) "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.* § 1443. Sub-section (2) applies only to federal officers or agents, and Defendant does not purport to be a federal officer or agent.[2] *Mississippi v. Peacock*, 384 U.S. 808, 824 (1966).

---

[2] Additionally, a state criminal prosecution against a federal officer or agency may be removed. 28 U.S.C. § 1442. However, Defendant does not claim to be either, so this statute is inapplicable.

A removal petition filed under § 1443(1) must satisfy the two-prong test developed in *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Rachel*, 384 U.S. at 792). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (citing *Rachel*, 384 U.S. at 794).

Even assuming that the Notice is timely,[3] Defendant's bare-bones Notice does not satisfy the two-prong test. He only says that he removed his criminal case "for conflicts with the constitutionality of the charged statutes as well as irreparable prejudice of the Charlotte County Circuit Court." (Doc. 1 at 1). With these vague and conclusory statements, Defendant has not shown a basis for this Court's subject-matter jurisdiction. In sum, removal of Defendant's criminal case to this Court is improper and summary remand is appropriate.

Accordingly, it is

**ORDERED**:

1. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

---

[3] Defendant did not attach the state court docket to the Notice. Thus, the Court cannot determine whether the removal is timely.

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

3. The Clerk is **DIRECTED** to transmit a certified copy of this Order of Remand to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, Case No. 24-1060F.

**DONE** and **ORDERED** in Fort Myers, Florida on June 25, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record